■ KOREA COMMERCIAL BANK OF NEW YORK, Respondent, v VAREN INTERNATIONAL IMPORT-EXPORT, INC., Appellant, et al.,

Defendants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered June 27, 1991, which granted plaintiff's motion for summary judgment to foreclose its mortgage, struck the answers of defendants and appointed a Referee to ascertain and compute the amount due to plaintiff on the note and mortgage and to report if the mortgaged premises may be sold in separate parcels, unanimously reversed to the extent appealed from, on the law, plaintiff's motion denied, the answers of defendants Varen International and Basil D. Ianos reinstated and the matter remanded for further proceedings, without costs.

In granting plaintiff-respondent bank summary judgment of foreclosure on the $350,000 mortgage it held on a four story commercial building on Manhattan's West 39th Street owned by defendant-appellant Varen International, the IAS Court correctly held that defendant-appellant Ianos, Varen's sole stockholder, is bound by the subordination agreement dated December 13, 1985. However, on the present record, there is a factual issue presented as to whether Varen received all the proceeds of the loan, which closed in February 1986, and, thus, whether the mortgage fails for lack of consideration.

While it is undisputed that there were ultimately three checks drawn on the proceeds totalling $350,000 and one of those checks, in the amount of $61,502.39 was used to satisfy a preexisting first mortgage on the premises, a second check payable to Varen International in the amount of $148,497.61 was endorsed by Varen's then principal Min Ja Oh, as Varen's president, and made payable to her personally and deposited in her personal account with plaintiff bank. The third check for $140,000 was made payable to plaintiff bank, which belatedly claimed, in its reply papers below, that this represented repayment of a so-called bridge loan of which there is no documentary evidence in the record.

Under the circumstances, the relationship of plaintiff bank with its longstanding customer Min Ja Oh coupled with her endorsement and deposit of Varen's corporate check in her own personal account was sufficient to put plaintiff on notice of a possible misappropriation of the loan proceeds (see, Commercial Trading Co. v Trade Bank & Trust Co., 286 App Div 722, 726), thus precluding the grant of summary judgment of foreclosure in its favor. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.